RESPUBLICA *against* Gaoler of the City and County of Philadelphia.

On a *habeas corpus*, where it clearly appears that a wrong person has been arrested and deprived of his liberty, court will interpose immediately for his relief. But where it is dubious, a jury must decide.

A HABEAS CORPUS issued to have the body of Duvivier Jubla confined in gaol, before the court forthwith. Jacob Hoffner the gaoler, returned, that he had been arrested by the name of M. Gastog, by mesne process out of this court, at the suit of Peter and Thomas Mackie, for the use of the under-writers of the sloop Hope and her cargo, and averred him to be the person against whom the *capias* issued.

On the hearing, captain Butler, of the sloop Hope swore, that the contract on which the present suit was brought, was made with a merchant of color, and one of the administration of St. Domingo; that before the process was taken out, he had met him in Philadelphia and accosted the prisoner by the name of Gastog, to which he answered, and called the witness captain Butler; and that he verily believed the prisoner to be the person with whom the contract had been made.

But several other witnesses swore, that the prisoner never acted as a merchant, or as one of the administration of St. Domingo; that he had a brother who was also a person of color, and acted in both those capacities, and was called M. Gastog, a name under which the prisoner never passed in the French West Indies; and that the prisoner being deaf, might not have distinctly heard the appellation given to him in the street, by captain Butler.

By the court. On a *habeas corpus* we are called on "to examine into the facts relating to the case," (2 Dall. St. Laws, 246, § 13,) and must in some instances, necessarily determine contested facts. If we had any doubt, whether the true person was arrested, we should hold ourselves bound to submit the matter to a decision by jury. But where there is a plain mistake, we should not do "what appertains to justice," unless we interposed our authority for the immediate relief of the confined party. Let the prisoner therefore be discharged from his imprisonment; but if the plaintiffs in the action, think proper to proceed against the party arrested, let that discharge be on filing common bail.

Mr. Todd, *pro quer.*          Mr. Heatly, for the prisoner.